JUDGE COFER
delivered the opinion oe the court.
James S. Wylie and wife executed to A. Harpending a mortgage, on certain real estate which, then constituted a homestead, to secure a debt of $2,500.
The mortgage purported to convey the whole estate, and was acknowledged and recorded.
Harpending died, and his executors brought suit to enforce his mortgage lien.
Wylie and his wife were both made defendants and served with process, but neither answered, and at the May Term, 1874, of the Caldwell Circuit Court a judgment was rendered, directing a sale of the mortgaged property to ■ satisfy the debt. In July of that year, and after the adjournment of the term at which the judgment was rendered, but before a sale was made, ' James S. Wylie died. At the July Term, 1875, on motion of the plaintiffs, a rule was awarded against the widow and heirs of Wylie to show cause, if any they could, why the judgment should not be revived.
The heirs were all infants at that time, and, a guardian ad litem having been appointed for them, they and the widow-responded to the rule in-substance that at the time of the execution of the mortgage James S. Wylie was a bona fide housekeeper with a family; that he then' resided with his family on the mortgaged premises, and eoñtinued to reside there up to his death, and that they were still residing thereon; *161 that Mrs. Wylie had not mortgaged, conveyed, relinquished, released, or in any way disposed of the right of herself and the infant children to a homestead; and they asked that a homestead be allotted to them in the property.
Upon hearing the motion the court adjudged that the clerk’s certificate of the acknowledgment of the mortgage by Mrs. Wylie was. insufficient, and that the mortgage was therefore void as to her, and that she and her children were entitled to a homestead; and it being admitted that the land was worth more than- $1,000, and' was not susceptible of division, the whole was ordered to be sold, and $1,000 of the proceeds was adjudged to them in lieu of a homestead. From that judgment this appeal is prosecuted.
We do not deem it necessary to enter into a discussion of the question whether the clerk’s certificate was or was not valid.- The judgment precludes all inquiry into that subject. Mrs. Wylie was a party to the mortgage; it purported to convey the whole estate in the land, and the certificate was regular and apparently'valid. The plaintiffs declared upon it as the deed of both the husband and wife, and an absolute judgment was rendered'to sell the whole property,'or so much of it as was necessary to satisfy the mortgage debt.
That judgment was final, and, after the term at which it was rendered, passed beyond the power and control of the court; and until reversed or vacated in some of the modes known to the law for reversing or vacating judgments, is conclusive of all matters determined by it. The- matters determined were that Wylie and his wife had executed to the testator a mortgage on the property described, to secure the debt sued for, and that so much of the mortgaged property as should be necessary to satisfy the debt should be sold for that purpose. Whether there was a valid mortgage executed by both husband and wife, thereby became res adjudicata; and that question can only be reopened for litigation by a regular *162 proceeding for that purpose, by appeal, or for a new trial based on some of the grounds recognized by the Code of Practice as sufficient for that purpose. It is not claimed that any such grounds were made out, but it is insisted that the widow and infant children are not estopped by the judgment; and this claim is based on the assumption that the right of the widow and heirs to a homestead is derived from the statute, and not from the deceased husband and father. This is an error.
The statute provides that the “ exemption in favor of an execution debtor, or one against whom judgment has been rendered, shall continue after his death, for the benefit of the widow and children,” etc. The exemption here referred to is such as existed at the time of the death of the debtor; for otherwise it can not be said to continue. So that whether the exemption be regarded as descending from the husband and father, or as an estate created by the statute and vested in the wife and children in his lifetime, it can have no existence after his death, unless it existed at that time. At the time of the death of Wylie no homestead existed, because it had been barred by the judgment rendered in his lifetime.
But counsel insists that if the mortgage to Harpending was not so executed as to bind Mrs. Wylie, it was not a waiver of the exemption, and that the court had no power to subject the homestead, and he cites Wing v. Hayden (10 Bush, 276) in support of that position.
In that case we said that “as to all persons entitled to the benefit of the act its effect is to take away from all courts the power to sell the homestead under a judgment for the sale of land in which the owner has a right to a homestead exemption, and a sale under it can not divest the homestead unless the right to the exemption has been waived in the mode pointed cut by the statute.”
The wife of Hayden, the debtor, did not join in the mort *163 gage, and was not a party to the suit to enforce it by a sale of the land, and the questions then being considered were whether that judgment barred the exemption, and whether the purchaser acquired the land free from the homestead, and we held he did not, but that the right to the exemption still existed and might be enforced.
In this case the wife united in the mortgage, and was a party to the suit to enforce it, and the question whether it was a valid waiver was directly involved, and the court, in rendering the judgment, decided that the mortgage was valid and was a waiver of the exemption, and thereby concluded that question. Such being the case the court had no power, on the motion to revive, to go behind the judgment to inquire into the validity of the mortgage, or to adjudge the appellees entitled to a homestead, but should have revived the judgment to sell the mortgaged property without terms or restrictions.
Judgment reversed and cause remanded for a judgment in conformity to this opinion.