## J. L. CUMMINS v. AMANDA FORREST.

[Abstract Kentucky Law Reporter, Vol. 5—858.]

**Effect of Judgment.**
> Where in a suit to foreclose a mortgage against a husband and wife who are both before the court and raise no question as to the wife's acknowledgment, it is too late, after judgment to question the validity of the acknowledgment by the wife. Such a defense should have been made before judgment was rendered.

APPEAL FROM METCALFE CIRCUIT COURT.

April 22, 1884.

OPINION BY JUDGE PRYOR:

We are unable to perceive any difference between this case and that of *Harpending's Exrs. v. Wylie*, 13 Bush (Ky.) 158. In that case the certificate, or rather the acknowledgment of the wife to the mortgage, was said to be invalid, and an attempt was made to assail the mortgage upon that ground after a judgment had been rendered in an action to which both the husband and the wife were made defendants. This court held that after the judgment it was too late to question the validity of the acknowledgment by the wife, as that defense should have been made before the judgment was rendered. In this case the husband and wife were before the court, and parties not only to the action but to a mortgage purporting to convey the fee subject to the condition expressed in that instrument. If the wife had not properly acknowledged the writing, or the certificate of the clerk was insufficient to divest her of title, the question should have been made before judgment, and the parties having failed to make it the mortgage must be held valid both as to the husband and wife. The court below has so adjudged and that judgment stands unreversed and can not be annulled or modified at a subsequent term by either party without consent. The same question arises as to the character of the instrument. The court has adjudged it to be a mortgage and ordered the land to be sold and now it is urged that the wife made no grant or divested herself of any estate by its execution. The husband and wife have encumbered the fee by the conditional conveyance and if no condition had been an-

nexed it would have divested both of all title, legal and equitable, having been signed and, as we must now assume, properly acknowledged by the feme covert.

The judgment is therefore *reversed* and cause remanded with directions to deny the relief. Judge Lewis not sitting.

*Owens Miller, for appellant.*

*J. W. Compton, for appellee.*

