*Wm. Lindsay, for appellant.*

---

JAMES HARDIN *v.* JANE HARDIN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—662.]

**Motion to Set Aside a Judgment.**

> Where one named as a defendant has been summoned to answer the plaintiff's petition and has also been served with a summons to answer the cross petition, more than sixty days before the rendition of a judgment against him, he can not have such a judgment set aside on the claim that it was entered before such action stood regularly for trial.

APPEAL FROM TAYLOR CIRCUIT COURT.

March 7, 1885.

OPINION BY JUDGE HOLT:

Stephen Hardin died testate as to his real estate, but intestate as to his personalty, save certain enumerated articles which he bequeathed to his widow.

She brought this action on May 14, 1881, against his heirs, devisees and administrator to recover the value of certain personal property, which she claimed had been bequeathed to her; and also asked that the court determine what disposition should be made of the personal property not disposed of by will.

Two of the heirs and devisees answered on October 8, 1881, and made their answer a cross-petition against the appellant James Hardin; and summons upon it was duly served upon him on February 13, 1882.

In it they alleged that the testator before his death had advanced and conveyed a farm to defendant, James Hardin, in full of what he intended for him and in fact is more and greater in value than plaintiffs or either of them will or can receive under the will.

The testator left but four heirs, and one of them was not interested in this question, because the will devised to her a life estate in some land and but one dollar of the personalty.

A Commissioner's report was filed on April 14, 1882, and a judgment rendered on April 20, 1882, giving the undevised personal estate to the widow and the two heirs who had united in the cross-petition, and to which the appellant had never responded. There is no appeal from this judgment.

On January 16, 1883, the appellant filed a notice, and entered a motion to set aside the judgment upon the ground that it was void and had been entered before the action stood regularly for trial. This motion was overruled on January 23, 1883, and from this judgment the appellant has appealed.

The judgment of April 20, 1882, was not premature. The appellant had been duly summoned to answer the petition and had also on February 13, 1882, been summoned to answer the cross-petition.

It seems to us that the allegation in it, and which was cited supra, and which was undenied, was sufficient to support the judgment, but certainly the court had jurisdiction of the subject matter of the action and the power to adjust advancements and distribute the estate; and also had jurisdiction of the person of the appellant by the service of the summons upon the cross-petition upon him sixty-five days before the judgment was rendered; and it was not therefore void; and if the court erred as the pleadings then stood as to the distribution of the estate it could only be corrected by an appeal

from the judgment of April 20, 1882; and the judgment appealed from is *affirmed*.

*W. E. & S. A. Russell, for appellant.*

*Wm. Lindsay, for appellee.*

[Cited, *Kimbrough v. Harbett,* 110 Ky. 97, 22 Ky. L. 1578, 60 S. W. 836; *Bitzer v. Mercke,* 111 Ky. 307, 23 Ky. L. 670; 63 S. W. 771.]