Case 84---PETITION EQUITY—November 27.

## Snapp, &c., v. Snapp, &c.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. Homestead—Res Adjudicata.—The judgment of a court of competent jurisdiction is conclusive, not only of all matters determined by it, but of all incidental matters which might and ought properly to have been then asserted and decided.

　　Creditors claiming the right to subject land conveyed by their debtor to a third party, upon the ground that the conveyance was fraudulent, disregarded the conveyance, and had the land levied on and sold under execution. Thereafter the grantee in the alleged fraudulent conveyance brought an action to set aside the execution sale and to quiet his title, to which the debtor was made a party. Upon issue joined, the conveyance was held to be fraudulent, and thereafter the purchaser at the execution sale obtained a sheriff's deed. In this action by the debtor to recover the land as a homestead, Held—That the claim to a homestead which he now asserts would have been a complete defense to the action in which the creditors asserted the right to subject the land, and, having failed to assert the claim in that action, he can not now assert it.

2. Pleading.—It was not necessary for the plaintiff to aver in his petition that the debt for which the land was sold did not exist prior to its purchase.

3. Homestead.—Generally, a debtor in order to be entitled to land as a homestead must either be in the occupancy of it as such, or have parted with such use of it only temporarily.

JNO. P. NORVELL for appellant.

　　No brief in record.

Snapp, &c., v. Snapp, &c. .

THOS. KENNEDY FOR APPELLEE.

There exists no right to a homestead unless the claimant is in actual possession, or only temporarily absent with intention to resume possession. (Knevan v. Specker, 11 Bush, 1.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In September, 1874, Sylvester Snapp was the owner of five small tracts of land. They adjoined, and were worth less than one thousand dollars. He, together with his wife and children, lived upon them as a housekeeper. On September 1, 1874, he conveyed one of them to his son, John W. Snapp, Jr., and in September, 1875, he conveyed a second one to him. The father was involved, and in April, 1878, two of his creditors sued out executions, and disregarding the conveyances to the son upon the ground that they were fraudulent, had them levied upon the land that had been conveyed to him by his father. It was sold and purchased by John W. Snapp, Sr., for three hundred and seventy-two dollars. In August, 1878, John W. Snapp, Jr., brought an equitable action to set aside the execution sale, and quiet the title he claimed to have acquired under the conveyances from his father. To this action the execution creditors, as well as John W. Snapp, Sr., and Sylvester Snapp, were made defendants. Issue being joined, the deeds to John W. Snapp, Jr., were adjudged fraudulent, and in 1883 he executed a deed purporting to reconvey the land to his father. The latter, when he conveyed to the son, gave him possession of the land, and he continued to hold it until the deed was held to be fraudulent, when the execution purchaser, John W. Snapp, Sr., having obtained a sheriff's deed to it, secured possession and has held it ever since.

In 1884, or about ten years after the making of the deeds to the son, Sylvester Snapp and wife brought this action against John W. Snapp, Sr., to recover the land embraced by them, upon the ground that it is a part of their homestead, and as such was exempt from execution sale. The record of the suit of John W. Snapp, Jr., brought to uphold the conveyance to him, is, by the petition, made an exhibit in this one, and the matters we have above recited as facts are admitted by the demurrer to the petition.

It was held in the case of Nichols v. Sennitt, &c., 78 Ky., 630, that the petition in an action like this one need not aver that the execution debt for which the land may have been sold did not exist prior to its purchase. The reason for this is, that the exemption is given by one section of the statute, while the exception to the right on account of the existence of the debt prior to the purchase of the land is contained in a distinct one; and where an exception to the general provisions of a statute is found in a distinct clause, the complainant need not aver that he is not within the exception. The petition, therefore, was not defective in this respect.

It was decided in the case of Kuevan, &c., v. Specker, &c., 11 Bush, 1, that the right to a homestead exemption is not lost by a fraudulent conveyance by the husband and wife to a third party, who reconveys to the wife, because the fraudulent transfer being void, the *status* of the creditor and debtor as to the property remains unchanged by it. The rights of the one or the other are not altered by it. In that case, however, the debtor remained in possession of the prop-

erty, while here he surrendered it to the son upon the making of the conveyance; and when the claim of the latter was declared invalid, the purchaser at the execution sale obtained possession and has held it ever since. It is unnecessary to decide, however, whether this surrender of possession should be treated as an abandonment of this portion of the land as a part of the homestead, and as an estoppel to any claim to it as such, inasmuch as the judgment below dismissing the action must be sustained upon other grounds that are beyond question. Generally, however, the debtor, in order to be entitled to land as a homestead, must either be in the occupancy of it as such, or have parted with such use of it only temporarily.

The exhibit filed with the petition shows that Sylvester Snapp became the owner of one of the tracts of land in contest after the creation of the Orr debt, which was one of the debts for which the land was sold. It does not appear when he became the owner of the other. The price at which the two sold under execution did not equal the amount of the Orr debt.

Again, the appellant, Sylvester Snapp, was a defendant to the suit brought by John W. Snapp, Jr., to quiet the title. He is named as such in the caption of the petition. He gave his deposition in that case, and in it testifies that he is a defendant to it. The assertion of his homestead right to the land in that suit would have defeated the claim of the defendants therein that the conveyance by him to the son was fraudulent. If the land was exempt to him as a part of his homestead, he had a right to convey it without claim or objection upon the part of his cred-

itors.   He remained silent, however.   It has been held
that the sale of land under the judgment of a court
does not divest the owner of his right to a homestead
exemption, unless it has been waived in the manner
directed by the statute.   He may assert it by an inde-
pendent suit; but certainly a time should come when
he can no longer do so.   He can not sue for it and
suffer defeat, and then bring a second action for it
by joining his wife with him.   He is the owner of the
homestead.  If he once asserts his right to it by an
action and his claim be rejected, this adjudication is a
bar to a second suit.

It is equally true that the judgment of a court of
competent jurisdiction is not only conclusive of all
matters determined by it, but of all incidental matters
which might and ought properly to have been then
asserted and decided.

Here certain creditors claimed the right to subject
certain land conveyed by their debtor to a third party
upon the ground that it was fraudulent.   The debtor
was a party to the suit.   If it was exempt as a home-
stead, they, of course, could not subject it.   He fails
to so assert, and, under the rule above alluded to, he
can not now be heard to set up a claim which could
properly, and ought then, to have been asserted.   The
end of the litigation could then have been reached but
for his own omission, either purposely or through
neglect.

The judgment of the lower court sustaining the
demurrer to the petition as amended and dismissing it
is affirmed.