Davis v. Jenkins.

---

CASE 62—PETITION EQUITY—OCTOBER 6.

# Davis v. Jenkins.

APPEAL FROM HARDIN CIRCUIT COURT.

1. MORTGAGE—WAIVER OF HOMESTEAD AND DOWER.—Where a mortgage on land, which is signed and acknowledged by the wife of the mortgagor, contains apt words waiving her right of homestead and dower, it is not material that her name does not appear in the granting clause.

2. SAME—CONCLUSIVENESS OF JUDGMENT.—A judgment by default against husband and wife foreclosing a mortgage executed by them, and ordering a sale of the homestead embraced therein, is binding on the parties, and can not be set aside at a subsequent term of the court upon the ground that the mortgage or the acknowledgment of it by the wife was void.

3. THE CLERK'S CERTIFICATE OF THE ACKNOWLEDGMENT OF A DEED or mortgage can not be called in question, unless in a direct proceeding against the officer or his sureties, except for fraud of the party benefited, or mistake of the officer.

Vol. 93—23

Davis v. Jenkins.

J. W. BUSH FOR APPELLANT.

1. Circuit courts have no power after the expiration of the term to vacate or modify a judgment or final order, except in the mode and on the grounds specified in the Code. (McManama v. Garnett, 3 Met., 517; Civil Code, secs. 340, 342.)

2. In order to release dower and homestead, it is not necessary that the wife should be named in the granting clause of the deed. It is sufficient that she joins with the husband in waiving or relinquishing the right of dower and homestead. (Gen. Stats., chap. 38, art. 13, sec. 13; McGrath v. Berry, 13 Bush, 394; Jamison v. Jamison, 31 Am. Dec., 536.)

3. The certificate of the clerk to a deed or mortgage can not be assailed except for fraud on the part of the party benefited thereby, or for mistake of the clerk. (Pribble v. Hall, 13 Bush, 61.)

4. To make a plea of duress good, the party to be benefited must have aided in the duress or had notice of it. (Rusk v. Fenton, 14 Bush, 490; Green v. Scranage, 19 Iowa, 461; Clark v. Pease, 41 N. H., 414; Cook v. Moore, 39 Texas, 255; Talley v. Robinson's As'nee, 22 Gratt., 895; Marston v. Brittenham, 76 Ill., 617; White v. Graves, 107 Mass., 325.)

SPRIGG & VANMETER ON SAME SIDE.

1. As the wife expressly waives her dower and homestead right it is immaterial that she does not join in the granting clause of the mortgage. (McGrath v. Berry, 13 Bush, 395.)

2. The duress of a husband in procuring the acknowledgment of a wife to a deed will not render it void or voidable as to her, unless the grantee knew of and consented to the duress at the time, and not then unless the party could be placed in *statu quo*. (Rusk v. Fenton, 14 Bush, 490; Lawson's Rights and Remedies, vol. 5, secs. 2367, 2368.)

S. H. BUSH FOR APPELLEE.

1. The order setting aside the personal judgment, rendered June 20, 1889, had the effect to also set aside the judgment directing the sale of the land to satisfy that judgment, as there was nothing left for which to sell the land. Therefore the court did not abuse its discretion in allowing appellee at a subsequent term to file an amended answer, claiming the exemption of a homestead.

2. As the wife was not named in the granting clause, the mortgage did not pass the homestead. (Gen. Stats., chap. 38, art. 13, sec. 13; McGrath v. Berry, 13 Bush, 391; Prather, &c., v. McDowell, &c., 8 Bush, 46; Buford's Adm'r v. Guthrie, 14 Bush, 685.)

3. The mortgage is void because executed under duress of the husband. (Hazelrigg v. Donaldson, 2 Met., 447; 82 Am. Dec., 395; 84 Am. Dec., 54; 54 Texas, 201; 38 Am. Rep., 623; Wright v. Remington, 12

Vt., 48; Guilleaume v. Rowe, 94 N. Y., 268; 2 Greenleaf on Evi-
dence, sec. 301, p. 283; Edwards v. Handley, 3 Am. Dec., 745; 6 Am.
Dec., 241; Moore v. Adams, 32 Am. Dec., 723; Lawson's Rights and
Remedies, vol. 5, sec. 2364.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1883, S. H. Jenkins, husband of the appellee, L. A.
Jenkins, and the said appellee, L. A. Jenkins, executed
a mortgage on a house and lot, the property of S. H.
Jenkins, situated in West Point, Hardin county, Ky., to
secure the payment of borrowed money. Thereafter,
S. H. Jenkins, in contemplation of insolvency, made an
assignment for the benefit of creditors. The assignee
instituted suit in the Hardin Circuit Court to have the
estate settled and distributed among the creditors. Emily
Davis, as creditor and mortgagee, was made defendant
to that action. She instituted a cross-action against
S. H. Jenkins and the appellee, L. A. Jenkins, by which
she sought to have her mortgage lien on the house and
lot enforced. Summons on the cross-petition was duly
executed on S. H. and L. A. Jenkins, and judgment by
default was thereafter rendered on the cross-petition
against S. H. and L. A. Jenkins for said mortgage debt,
and foreclosing the mortgage lien on the house and lot
to satisfy said debt. More than a year thereafter, and
after the term of court at which the judgment foreclos-
ing the mortgage was rendered, the appellee by petition
made known to the court that her husband, S. H.
Jenkins, had been, since the execution of the mortgage,
adjudged a lunatic and was then confined in the lunatic
asylum. She also alleged that her name did not appear
in the granting clause of the mortgage, and that her
husband had procured her signature thereto and acknowl-

edgment by duress; hence she and her infant children were entitled to a homestead in said house and lot. The court, upon final hearing of that part of the case, set aside the judgment theretofore rendered foreclosing the mortgage, and adjudged that L. A. Jenkins, by reason of the matters set up by her, had not relinquished her homestead in said house and lot, and consequently allowed her a homestead therein. From that judgment Emily Davis appeals.

It is true that L. A. Jenkins' name does not appear in the clause granting the title to said house and lot. She had no title thereto, but she did have an inchoate right to homestead and dower in said house and lot, which she could not be deprived of except by her own act exercised in the manner pointed out by the statute. The statute upon these subjects provides that the right to a homestead shall not be waived nor dower relinquished, except by a written conveyance thereof signed by the husband and wife and acknowledged by them and recorded, etc. Now, the title to the real estate was in the husband, S. H. Jenkins, and the wife, L. A. Jenkins, owned no interest therein whatever; she was only entitled to an inchoate right to homestead and dower therein, which she could waive and relinquish by deed signed by herself and husband for that purpose, and duly acknowledged and recorded, etc. Now, if she joins in that part of the body of the deed conveying the homestead and dower, by apt words to convey said interests, that is a compliance with the statute upon that subject. The mortgage, in reference to the waiver of homestead and dower by Mrs L. A. Jenkins, reads: " And Mrs. L. A. Jenkins, wife of S. H. Jenkins, hereby

waives right of homestead and dower in and to the real estate mentioned in this mortgage." S. H. Jenkins and she signed and acknowledged the mortgage, which was recorded. The rule above laid down was complied with. As said, judgment was rendered by default, subjecting the house and lot, which included the homestead, to the payment of the mortgage debt and about a year there-after the court allowed L. A. Jenkins to set aside the judgment and assert and obtain a homestead in the same. This court, in the case of Harpending's Executor v. Wylie, 13 Bush, 158, decided that a judgment by default rendered against a married woman, in conjunction with her husband, at one term of court decreeing the sale of their homestead, could not, at the instance of the married woman, be set aside at a subsequent term of court, except by proper proceedings to vacate or modify the judgment; that the judgment rendered at the former term, after that term had expired, was res judicata even as to a married woman. See also Honaker, etc., v. Cecil, 84 Ky., 203, and Hill v. Lancaster, 88 Ky., 343. According to these cases the appellee, L. A. Jenkins, had no right, upon the state of case presented by her, to have the judgment subjecting the homestead set aside at a subsequent term of court. Besides, section 17, chapter 81, General Statutes, provides that "unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or a mistake on the part of the officer."

The statute *supra* relates to the certificate of the officer who is required to make it, and except for the fraud in the party benefited, or a mistake in the officer, the certificate is conclusive as to the matters therein contained, unless in a direct proceeding against the officer or his sureties. See Pribble v. Hall, 13 Bush, 61.

It is not alleged, nor is there any proof, that there was fraud in the mortgagees in obtaining certificate of acknowledgment, nor of a mistake by the officer. Now the certificate of the clerk being conclusive that L. A. Jenkins freely and voluntarily executed and acknowledged the mortgage, and there being no fraud or notice of the alleged fraud by S. H. Jenkins on the part of the mortgagees, and they being otherwise innocent purchasers for value, they are not affected by the alleged fraud; and the mortgage must be held valid and as passing the appellee's homestead. See the case *supra*, page 66.

The judgment is reversed and cause remanded with directions to proceed consistently with this opinion.