CASE 9—ACTION TO ENFORCE EXECUTION LIEN—FEB. 21.

# Kimbrough v. Harbett.

APPEAL FROM NICHOLAS CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

EXECUTION—EQUITY JURISDICTION TO ENFORCE LIEN—VALIDITY OF JUDGMENT—HOMESTEAD—RES ADJUDICATA.

Held: 1. Whether or not a petition setting up the fact that an execution has been levied on land, and praying a sale of the land to satisfy the execution, states a cause of action, a judgment granting the relief sought, however erroneous it may be, is not void, the court having jurisdiction of the parties and of the subject-matter.

2. A judgment by default for the sale of land to satisfy an execution precludes defendant from thereafter setting up a homestead exemption in the land, the matter being *res adjudicata*.

THOMAS OWENS, ATTORNEY FOR APPELLANT.

The appellant, as Master Commissioner, of the Nicholas Circuit Court, in obedience to an order of sale in said court, sold to J. M. Flora, a tract of land for $1,018.86, in two payments and accepted appellee Harbett as surety on the sale bonds, which were made payable to appellant as commissioner. Execution issued on these bonds and was levied on three tracts of land belonging to appellee, on one of which there was a mortgage for a debt of $150. On April 22, 1897, appellant brought a suit in equity, setting out these facts, and a judgment of sale was rendered, by default, for the two unincumbered tracts, at the May term, 1897,

Kimbrough v. Harbett.

and a sale was made to plaintiff under this order, and reported at the September term, 1897, and at that term, and before the confirmation of the sale, appellee Harbett was permitted to file an answer and counter-claim against plaintiff's objection, alleging sufficient facts to entitle him to a homestead. These facts were controverted by a reply, proof heard, and on final hearing plaintiff's petition was dismissed without prejudice, and he has appealed to this court.

Now, the points in this case may be summarized, as follows:

1. Did the court have jurisdiction of the active and authority to grant the relief sought?

2. Did the defendant waive his right to impeach the jurisdiction of the court, after having pleaded to the merits and invoked the action in his own behalf through a counter-claim?

3. Had the defendant a right to raise any issue, by plea, after having permitted a judgment to go against him by default at a previous term of the court?

4. Was the defendant entitled to a homestead in the lands sold under the judgment?

### CITATIONS.

Ky. Stats., sec. 1703, 1705, and 1709; Burk's Case, 28 Ala., 35; Jones v. Allen, 88 Ky., 381; Civil Code, sec. 92; Baker v. L. & N. R. R. Co., 4 Bush., 623; C. O. & S. W. R. R. Co. v. Heath's Admr., 87 Ky., 659; Harkness v. Hyde, 98 U. S., 476; McDowell v. C. O. & S. W. R. R. Co., 90 Ky., 346; Johnson v. Johnson, 12 Bush., 486; Stuets v. Sale, 13 Law Rep., 337; Dana v. Jenkins, 93 Ky., 353; Honaker v. Cecil, 84 Ky., 202; Kirk v. Cassidy, 11 Rep., 666; Snapp v. Snapp, 87 Ky., 554; Hall v. Lancaster, 88 Ky., 338; Derr v. Wilson, 84 Ky., 14.

WINFIELD BUCKLER, ATTORNEY FOR APPELLEE.

J F. MORGAN OF COUNSEL.

### POINTS DISCUSSED AND AUTHORITIES CITED.

1. A court of equity had no jurisdiction of appellant's claim. Civil Code, sec. 697; Ky. Stats., sec. 1676; Weatherford v. Myers, 2 Duvall, 92; Clements v. Waters & Hayden, 90 Ky., 99; Pomeroy's Eq. Juris., vol. 1, secs. 129, 130; Freeman on Void Judicial Sales, secs. 2 and 3, Pomeroy's Eq. Juris., vol. 3, 1415; Hana, Hart & Co. v. Guy, &c., 3 Bush., 93; Jones v. Allen, 88 Ky., 318 (distinguished).

2. Appellee is entitled to a homestead. Stults v. Sale, 92 Ky., 5; Gowdy, Admr. v. Johnson, 20 R., 1000; Rorer on Judicial Sales, sec. 1367.

3. The judgment does not preclude appellee from claiming home-
    stead.  Hayden v. Robinson, 83 Ky., 619; Freeman on Void Ju-
    dicial Sales, 35; Hansford v. Holden, 14 Bush., 211.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant, on April 22, 1897, filed in the Nicholas Cir-
cuit Court his petition in equity against appellee, W. W.
Harbett, in which he alleged that on April 11, 1895, he ·
caused executions to be issued upon certain sale bonds
executed by appellee, and placed them in the hands of the
sheriff of Nicholas county, who levied them upon four
tracts of land belonging to him—the first containing 32¼
acres, the second 33¼ acres, the third 8 acres, and the
fourth 7 acres; that there was a mortgage upon the first
tract, which was prior to his execution lien; that no part
of his debt was paid, and that he had a lien on the land
therefor.  He prayed a sale of so much of the land as might
be necessary to satisfy his lien of $275.32, with interest
from April 22, 1897, and for his costs.  Summons was is-
sued upon his petition, and duly served.  Appellee failed
to answer, and judgment by default was entered adjudg-
ing appellant a lien upon the tract containing 33¼ acres;
also the 8-acre tract and the 7-acre tract; and ordering
a sale of so much of the land as might be necessary to
satisfy the debt.  The judgment was entered on May 20,
1897.  The sale was made as directed by it on July 12,
1897, and appellant bought the property for the debt.  At
the September term, 1897, the report of sale was filed.
At this term appellee appeared, and offered to file an
answer and counterclaim, which at the next term of the
court was allowed to be filed.  In this answer he alleged
that he was and had been for many years a housekeeper
with a family, residing on the land, and that it was ex-
empt as a homestead.  He prayed that the sale be set

Kimbrough v. Harbett.

aside, and his title to the land quieted. The answer was taken as controverted of record, and on the final hearing of the case the court dismissed appellant's petition without prejudice. The proof showed that appellee had owned the land and lived on it with his family for many years; that originally he had a wife and eight children; that the wife had died 10 or 12 years before the suit was filed; and that the children had married or moved off, being all grown. It is insisted for appellant that the judgment of the court decreeing a sale of the land to satisfy appellant's debt was void, because the petition failed to show any grounds for relief in equity, and appellant had a legal remedy by proceeding under his execution levy to sell the land by sheriff's sale. We need not determine whether the petition was sufficient to entitle appellant to relief in equity. The court had jurisdiction of the parties and of the subject-matter, and, if he erred in determining the relief to be awarded appellant, this did not render the judgment void. The question what relief, if any, appellant was entitled to under the allegations of the petition which were. confessed by appellee's failure to answer, was necessarily presented to the court when the case was then submitted, and, if he erred in his decision, the only way to correct it was by appeal. Hardin v. Hardin, 6 Ky. Law Rep., 662; Bridgford v. Fogg (Ky.), 14 S. W., 600; Cheatham v. Whitman, 86 Ky., 614, (6 S. W., 595). No appeal has been taken from that judgment. It remains in full force. The court below, after the expiration of the term at which it was rendered, had no power to vacate or modify it, except upon the grounds set out in section 518 of the Code of Practice, none of which are alleged. It remains, therefore, to determine what the

rights of the parties are under the judgment. In Harpending's Ex'rs v. Wylie, 76 Ky., 158, a judgment in an action against a husband and wife foreclosing a mortgage executed by them, which had been rendered by default, was held to preclude them from thereafter setting up a homestead exemption in the land. This case was followed in Davis v. Jenkins, 93 Ky., 353, (20 S. W., 283); and in Honaker v. Cecil, 84 Ky., 202, (1 S. W., 392); Snapp v. Snapp, 87 Ky., 554, (9 S. W., 705), and Hill v. Lancaster, 88 Ky., 338, (11 S. W., 74), the same principle was followed, where a judgment by default had been rendered on a petition to subject the land .to the debt of the husband, where a conveyance had been made in fraud of the rights of creditors. These decisions rest upon the principle that a party who has had his day in court will not be allowed thereafter to set up a defense which he should then have pleaded. See Turner v. Gill, 105 Ky., 414; 20 R., 1253; 49 S. W., 311; Sorrel v. Samuels, 20 R., 1498; 49 S. W., 762. The judgment ordering the land to be sold for the satisfaction of appellant's debt was necessarily a determination that it was subject to such sale; and, that judgment being in force, he can not set up a right to a homestead in the land. The court below erred in allowing the answer and counterclaim to be filed, as the matters pleaded in it had been determined and settled by the judgment entered in the action at the preceding term, over which it then had no control.

It does not appear that the court below has passed on the report of sale. On the return of the case, if sufficient reasons are not shown for setting aside the sale, the court should confirm it, and order a conveyance made to the purchaser of the land. Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.