CASE 43.—ACTION BY THE FIRST NATIONAL BANK OF HAZARD AGAINST H. C. EVERSOLE AND WIFE.— January 18, 1910.

## Eversole & Wife v. First National Bank of Hazard

Appeal from Perry Circuit Court.

L. D. LEWIS, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Affirmed.

1. Judgment—Equitable Relief.—Ordinarily, when a suit is brought to enforce a mortgage, if no answer is filed, or if a bad answer is filed, the judgment will bar a subsequent proceeding even in the same suit to assert a homestead.

2. Infants—Vacating Judgments.—A married woman who has filed a bad answer asserting a homestead right for her husband in a mortgage foreclosure suit in which her infancy is also pleaded, cannot open the judgment under Civ. Code Prac. Secs. 391, 518, as having been erroneously rendered against a person under disability, by tendering at the next term a good answer; married women, though infants, being excepted from the operation of the statute in such cases.

EVERSOLE & EVERSOLE for appellants.

BAILEY P. WOOTTON, JESSE MORGAN and GREENE, VAN WINKLE & SCHOOLFIELD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On April 1, 1908, H. C. Eversole and wife, Della, executed a mortgage on two tracts of land to secure two notes to R. C. Newberry. Newberry assigned

the notes to the First National Bank of Hazard, and the bank brought this suit to recover judgment on the notes and to foreclose the mortgage. Della Eversole, the wife of H. C. Eversole, filed an answer, in which she pleaded that she was an infant 17 years old at the time that she signed the mortgage and undertook to plead that one of the tracts of land was the homestead of the family, consisting of herself, her husband, and her infant son. The circuit court sustained a demurrer to her answer, and entered judgment for a sale of the property. She appealed from the judgment, and on the appeal it was affirmed upon the ground that her answer was insufficient, in that it showed that the land belonged to her husband and it did not show that the family resided on it. The court, concluding its opinion, said: ''As will be observed, appellant did not allege in her answer that she was a bona fide housekeeper, or that she kept house at all, or that she and her husband resided upon or occupied the land. It may be, in so far as it appears from the pleading, that she never occupied the land as a homestead. The tenor of her pleading is to the effect that her husband owned the land and cultivated it for the purpose of making their support. The inference is that they lived elsewhere and had never occupied the land since their marriage. If the allegations in her pleading are true, she has an inchoate right of dower in the land, which is not affected by the judgment appealed from.'' Eversole v. First National Bank, 118 S. W. 962.

While the case was pending in this court, the judgment not having been superseded, the land was sold under the judgment, and at the next term of the court the commissioner filed his report of sale. Della Eversole then filed her amended answer, and her excep-

tions to the sale, in which she averred that the tract of·land referred to was the residence of the family, and that they were bona fide housekeepers residing. on it. She also averred that she was still an infant, and prayed the court to set aside the judgment and sale and to adjudge her a homestead in the land. The court overruled her motion to set aside the judgment and overruled her exceptions to the report of sale, and she again appeals.

The chief question made on the appeal is that the amended answer and the exceptions to the report of sale show that the tract of land in controversy was the residence of the defendants, and that they were entitled to a homestead in it. In other words, these pleadings contained the allegation that this court pointed out as lacking in the original answer.

The question to be determined ·on the appeal is: May a married woman who files an insufficient answer open the judgment which has been entered by tendering at the next term a good answer, and should she upon this showing be allowed to set aside the sale which has been made upon the judgment? Ordinarily, when a suit is brought to enforce a mortage, if no answer is filed, or if a bad answer is filed, and a judgment is entered subjecting the land, this judg· ment will bar a subsequent proceeding even in the same suit to assert a homestead. Snapp v. Snapp, 87 Ky. 554, 9 S. W. 705, 10 Ky. Law Rep. 598; Hill v. Lancaster, 88 Ky. 338, 11 S. W. 74; Kimbrough v. Harbett, 110 Ky., 98, 60 S. W. 836, 22 Ky. Law Rep. 1578; Shaw v. Milby, 63 S. W. 577, 23 Ky. Law Rep. 646.

The husband was before the court at the original hearing and filed no answer. In Hill v. Lancaster, the wife was not a party to the proceeding at all,

when the judgment was rendered. She and her husband afterward presented a petition to be made parties, claiming a homestead. Sustaining the lower court and refusing to open the judgment, this court said: "It is not denied—indeed, it is a fact—that the appellant as between him and the appellees, Lancaster, etc., as his creditors, was entitled to a homestead in said real estate; but his entire interest in this said real estate having been sought to be sold to satisfy the demands of these creditors, and he having appeared upon the merits, and having failed to set up his homestead right, which would have been a complete bar to the appellee's action, if the real estate was not worth more than $1,000, and, if more than $1,000, then a bar to the extent of $1,000 worth of the land, his effort to set up his right to his homestead came too late. To allow a defendant to split his defenses relying upon one until judgment is rendered upon it against him, and at the next term open the judgment and plead another defense, and so on, would be a mockery of legal justice. Therefore, it is a universal rule that the final judgment of a court of competent jurisdiction is not only conclusive of all issues actually decided, but of all that might and should have been decided by it. And there is no good reason why the assertion of a homestead right should be made an exception to this salutary rule. The fact that his wife joins him in asserting the right can make no difference, for the right to the homestead is exclusively his. He may sue for it without joining his wife. If sued for it, he may defend the action without joining his wife, and the decision will be conclusive of his right. He may make a valid sale of it without joining his wife. So the fact that the appel-

lant's wife joined in the petition added nothing to
the strength of his case.''

It is true that the wife here undertook to defend
the action for the husband, but that does not help the
matter. She failed to present a good defense. By
section 391 of the Civil Code of Practice an infant
other than a married woman may show cause against
a judgment; but by the express language of the sec-
tion married women are excepted from its operation.
By section 518, the court in which a judgment has
been rendered has power after the expiration of the
term to vacate it for erroneous proceedings against
a person under disability, except coverture, if the
condition of the defendant does not appear in the rec-
ord, nor the error in the proceedings. Here the con-
dition of the defendant appeared in the record, for
the answer disclosed that she was an infant, and it
also showed that she was a married woman, and,
therefore, under the disability of coverture. The
judgment, therefore, can not be vacated in the court
which rendered it under either of these sections, and
we do not find in the Code any other provisions for
the vacation of such a judgment. A litigant is given
his day in court, but he is not given two days. Mar-
ried women when sued are, under the Code, treated
as other litigants, although they may be infants; the
reason apparently being that they have husbands to
protect their interests. The matter is controlled by
the statute, and we have no discretion but to enforce
it. Under the circumstances, the court properly re-
fused to allow the amended answer to be filed.

Some exceptions were filed to the sale on account
of the way the land was sold; but, in view of the
price which the land brought, and all the circum-
stances, we are satisfied the defendant's substantial

rights were not prejudiced by this matter, and would in no manner be advanced if the sale were set aside and a resale had.

Judgment affirmed.