## Wren v. Cooksey, et al.

(Decided October 31, 1913).

### Appeal from Barren Circuit Court.

1. **Appeal—Opinion Upon Former Appeal Law of Case.**—The opinion of the Court of Appeals upon a former appeal is the law of the case, and governs a subsequent action between the same parties, and upon the same cause of action.

2. **Actions—Day in Court—Defenses.**—A party who has had his day in court will not be allowed thereafter to set up a defense which he should have relied upon in the first action.

3. **Action—Adjudication—Final and Conclusive.**—It is a well established rule that an adjudication is final and conclusive, not only as to a matter actually determined, but also as to every other matter which the parties might have litigated, and have had decided as incident thereto, or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to matters of claim and defense.

4. **Action—Action to Sell Land Under Attachment—Pleading—Homestead—Bar.**—Where a defendant in a suit to sell land under an attachment failed to set up her claim to a homestead in her original answer, and presented it for the first time by an amended answer and counterclaim tendered after judgment had been given, but before it had been entered, and the court rejected the pleading upon the ground that it came too late, said ruling is a bar to a subsequent action by the defendant to enforce a claim of homestead in the property sold in the first action.

ALLEN SANDIDGE, PORTER & SANDIDGE and DUFF & HUTCHINSON for appellant.

BASIL RICHARDSON and BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In 1910, the appellee Cooksey sued the appellant, Mrs. Ellen Wren, for the specific performance of a con-

tract, by which Cooksey sold Mrs. Wren the Cooksey Hotel at Glasgow. In that action an attachment was issued and levied upon the house and lot of Mrs. Wren in Edmonton, in which she then lived.

Mrs. Wren answered, traversing the petition; pleading the statute of frauds; and that the alleged contract was only an option.

Cooksey obtained a judgment; the grounds of attachment were sustained; and a lien was adjudged upon the hotel property and upon the house and lot in Edmonton, all of which were ordered to be sold to satisfy the judgment.

From that judgment Mrs. Wren prosecuted an appeal to this court, wherein the judgment against her was sustained in all material respects, but was reversed upon a minor point relating to the rents of the hotel property. See Wren v. Cooksey, 147 Ky., 825.

The following extract from the former opinion correctly states the facts by which this appeal is to be controlled:

"After the order of attachment was sustained and after the court had given judgment, though the judgment had not been entered the defendant offered an amended answer pleading a homestead in the property in Edmonton. When the case was submitted, plaintiffs declined to read that portion of the depositions which bore on the question of homestead, on the ground that no issue of homestead was made in the pleadings. Parties will not be permitted to try their case by piecemeal. They cannot rely upon one defense, and upon their failure to succeed on that, then interpose another. We, therefore, conclude that the court did not abuse a sound discretion in declining to permit the amended answer to be filed. Besides, with the evidence of Button, the real-estate agent, excluded, which was not read on the hearing, there is not sufficient evidence to sustain the allegations of the amended answer."

The amended answer claiming a homestead was again tendered upon the return of the case to the circuit court, but the court again overruled the motion to file it. Thereupon Mrs. Wren brought this new action, in which she set up in her petition substantially the same facts which had been set up in her rejected amended answer in the first suit, claiming a homestead in the Edmonton property.

The defendant Cooksey relies upon the judgment in the former case as a bar to this action, claiming that the question presented by the petition in this action has been there fully adjudicated between the parties.

The chancellor took the defendant's view of the case, and dismissed the petition. From that judgment Mrs. Wren prosecutes this appeal. .

The opinion of this court upon the former appeal, being the law of the case there presented, the question for determination is this: Was appellant's right to a homestead adjudicated in the first suit?

A similar question was presented in Kimbrough v. Harbett, 110 Ky., 94. In that case Kimbrough instituted his action for the sale of Harbett's land to satisfy an execution levied thereon, and obtained a judgment by default. Subsequently, Harbett tendered his answer and counterclaim, asserting his claim to a homestead in the property theretofore ordered to be sold by the judgment, and the circuit court allowed the answer and counterclaim to be filed, and sustained the claim of homestead. Upon appeal, however, that judgment was reversed, this court saying:

"In Harpending's Ex'rs. v. Wylie, 76 Ky., 158, a judgment in an action against a husband and wife foreclosing a mortgage executed by them, which had been rendered by default, was held to preclude them from thereafter setting up a homestead exemption in the land. This case was followed in Davis v. Jenkins, 93 Ky., 353; and in Honaker v. Cecil, 84 Ky., 202; Snapp v. Snapp, 87 Ky., 554, and Hill v. Lancaster, 88 Ky., 338, the same principle was followed, where a judgment by default had been rendered on a petition to subject the land to the debt of the husband, where a conveyance had been made in fraud of the rights of creditors. These decisions rest upon the principle that a party who has had his day in court will not be allowed thereafter to set up a defense which he should then have pleaded. See Turner v. Gill, 105 Ky., 414; Sorrel v. Samuels, 20 R., 1498, 49 S. W., 762. The judgment ordering the land to be sold for the satisfaction of appellant's debt was necessarily a determination that it was subject to such sale; and, that judgment being in force, he can not set up a right to a homestead in the land."

See, also, Beverley v. Waller, 115 Ky., 599.

Appellant contends, however, that the action of the chancellor in the first suit, in refusing to admit her an-

swer and counterclaim asserting her claim for dower, which ruling was approved by this court, did not pass upon her claim for dower, but expressly declined to do so, and is for that reason not *res judicata*.

It will be readily seen, however, that the ruling of the court in the first case necessarily passed upon appellant's claim to homestead, since it refused to entertain her claim, because it had not been presented until after judgment. This was necessarily as much an adverse determination of her claim as if the court had entertained it, and decided it adversely to appellant upon some other ground.

The judgment of the court in the first action, declining to permit appellant to present her homestead claim after the issues had been made up and the case tried, was rested upon the well established rule that an adjudication is final and conclusive, not only as to the matter actually determined, but also as to every other matter which the parties might have litigated and have decided as incident to, or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to matters of claim and defense. Bement v. Ohio Valley B. & T. Co., 99 Ky., 109; 59 Am. St. Rep., 445; McDaniel v. Stum, 23 Ky. L. R., 1935, 65 S. W., 800; Brashears v. Frazier, 30 Ky. L. R., 647, 99 S. W., 342; Sumrall v. Mannini, 124 Ky., 67; Elswick v. Matney, 132 Ky., 304; Jefferson v. Western National Bank, 144 Ky., 64.

Appellant presented her defenses in the first action; the case was tried out upon the issues there made, and judgment rendered against her. If she had intended to make a claim for homestead, she should have made that claim before the case was tried and judgment declared; otherwise, the trial, and the judgment found as a result thereof, would have been worthless, if it could be defeated by some new defense.

A judgment finally disposes of the rights of the parties concerning the thing in contest; it cannot subsequently be rendered invalid by a defense which might have been, but was not, presented.

The judgment of the chancellor dismissing the petition is affirmed.