## Campbell v. Mims.

(Decided December 10, 1914.)

### Appeal from Boyd Circuit Court.

1. Bills and Notes—Payment—Evidence.—In an action on promissory notes, evidence considered, and held that a plea of payment was not sustained.

2. Judgment—Estoppel.—There is a wide difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the first instance, a judgment on the merits is conclusive, not only as to every matter which was offered to sustain or defeat the claim, but also as to any other matter

which might have been offered for that purpose; while in the other instance, if the second action between the same parties is upon a different claim or a demand different in its nature, the judgment in the prior action operates as an estoppel only as to those matters which were in issue upon the determination of which the finding or verdict was rendered.

3.  Judgment—Estoppel—Res Judicata.—Where in an action on promissory notes, defendant pleaded that the notes were in controversy in a former action between him and plaintiff, and were concluded by that judgment, evidence considered and held, that the plea of res judicata was not sustained.

DINKLE & PRITCHARD and PROCTOR K. MALIN for appellant.

GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was originally brought by Fred Fulkerson against the defendant, A. W. Campbell, to recover on three promissory notes, one for $318.80, dated October 3, 1896, and payable four months from date; one for $1,065, dated October 3, 1897, and payable April 29, 1898; and one for $1,302.66, dated October 30, 1897, and payable April 9, 1898, subject to a credit of $1,000 paid February 13, 1903. Each of the notes so signed by defendant Campbell was payable to the order of A. Mims. The notes were endorsed by Mims and transferred and delivered to Fulkerson. Afterwards Mims paid Fulkerson and became the owner and holder of the notes. During the pendency of the action Mims was made a party by amended petition, and the action thereafter proceeded in the name of Mims and Fulkerson. In addition to a plea of payment, defendant Campbell also attempted to plead that the notes were in controversy in the suit of Mims v. Campbell, and were concluded by the judgment therein entered. On final hearing the trial court rendered judgment in favor of Mims. Campbell appeals.

While Campbell attempts to show in a roundabout and unsatisfactory way that the notes sued on were paid, his evidence utterly fails to establish the plea of payment. On the contrary, his letters, which are in the record, show that he frequently recognized the notes in question as a subsisting obligation.

But it is insisted that the notes were in controversy in the suit of Mims v. Campbell, and were concluded by the judgment entered in that case. Briefly stated, the

suit referred to grew out of the following facts: Campbell purchased a tract of timber land for the sum of $10,000. Of this sum $2,000 was paid in cash. He and Mims were to be partners in the purchase. Each paid $1,000 on the purchase price, and each agreed to pay half of the deferred payments. The title to the property was taken in Campbell's name. Campbell became involved, and at the instance of certain of his creditors, receivers were appointed by the Federal Court at Charleston, West Virginia, to take charge of Campbell's property. Mims was a party to this action. The partnership land was sold to the Knox Creek Lumber Company, and some time later was conveyed by that company to the W. M. Ritter Lumber Company. On September 22, 1906, Campbell re-purchased the partnership lands from the W. M. Ritter Lumber Company. Later on Mims sued Campbell to recover a one-half interest in the partnership lands, and for a settlement of the partnership. He also prayed for an injunction restraining Campbell from disposing of the land. A temporary injunction was granted. Application was made to Judge E. C. O'Rear, then a member of this court, to dissolve the injunction. On the hearing of that motion the judges of the Western Division sat with Judge O'Rear. As Mims permitted the partnership land to be sold in the receivership proceedings as the individual property of Campbell, Judge O'Rear rendered an opinion holding that Mims' failure to assert a partnership at a time when it might have subjected him to liability for the partnership debts, estopped him from thereafter claiming that a partnership existed, but that Mims was entitled to recover the $1,000 which he had contributed to the purchase price, with interest from October 30, 1895, the date of payment. Thereafter Campbell filed an answer and counterclaim alleging in one paragraph that on a settlement of the partnership accounts Mims was indebted to him in the sum of $18,211.20. Another paragraph of the answer and counterclaim is as follows:

"That the plaintiff, A. Mims, filed with the Receiver of this defendant appointed, as set out in paragraph three of original answer herein, a claim against this defendant of Eighty-seven Hundred and Ninety-six and 32/100 ($8,796.32) Dollars, which said plaintiff claims did not include certain notes, known as the Fred Fulkerson notes, amounting to Twenty-six Hundred and Eighty and 80/100 ($2,680.80) Dollars; his payment on

# Campbell v. Mims.

the Paw Paw lands of $1,000.00; and his note to the Big Sandy National Bank of $1,000.00, and same did not include a present account of A. Mims represented by sundry notes of this defendant, amounting in all to Twelve Hundred ($1,200) Dollars.

"Defendant says that plaintiff's account against the defendant at the time same was filed with the receivers did not amount to Eighty-seven Hundred and Ninety-six and 32/100 ($8,796.32) Dollars, nor was he indebted to him at that time in the sum of $8,796.32, and that at the time same was so filed it was agreed that said account and the notes above referred to should be subject to further investigation and corrections, if found to be incorrect.

"The defendant states that crediting the plaintiff with the account so filed with the receivers, to-wit: $8,796.32 and the sum of $2,680.80; the payment on the Paw Paw land of $1,000; the note of the Big Sandy National Bank of $1,000.00 and the sundry notes amounting to $1,200.00 above referred to, which is the total amount of plaintiff's claims against defendant, amounting to Fourteen Thousand Six Hundred and Eighty-seven and 12/100 ($14,687.12) Dollars, which defendant says is an account in excess of any just or rightful claim by plaintiff against defendant, and defendant says that there was paid to plaintiff by the receivers and he paid to him sundry amounts at divers times not credited by plaintiff to him amounting in all to $18,523.60, and that giving plaintiff full credit for all amounts claimed by him crediting the amounts actually paid to him by receivers and by the defendant not credited by plaintiff upon his account, leaves due and owing the defendant upon this account the sum of $3,836.48."

Campbell filed with his deposition the following statement of his account with Mims:

"Account of A. Mims filed with Receivers........$ 8,796.32
Fred Fulkerson ............................................... 2,680.80
Payment on Paw Paw lands......................... 1,000.00
Big Sandy National Bank.............................. 1,000.00
The present account of A. Mims in notes is
about ..................................................... 1,200.00
The above items constitute the entire claim
of the plaintiff in this action against the
defendant, A. W. Campbell, amounting
to ........................................................ 14,687.12

Against the above account there has been paid out in cash:

| | |
|---|---:|
| By the Receivers | 8,796.32 |
| Proceeds of bank stock | 2,000.00 |
| One check dated Dec. 9, 1896 | 100.00 |
| One note dated June 11, 1897 | 650.00 |
| One note dated June 28, 1897 | 500.00 |
| One note dated July 14, 1897 | 500.00 |
| One note dated August 24, 1897 | 175.00 |
| One note dated Sept. 7, 1897 | 150.00 |
| One note dated Sept. 30, 1897 | 500.00 |
| One note dated Oct. 25, 1897 | 550.00 |
| One note dated Nov. 2, 1897 | 500.00 |
| One note dated Dec. 6, 1897 | 550.00 |
| One note dated Dec. 21, 1897 | 500.00 |
| One note dated Jan. 5, 1898 | 250.00 |
| One check dated Mar. 2, 1898 | 500.00 |
| On June 10, 1898, check to Monte J. Goble for $1,618, of which plaintiff got in payment of two notes of $500.00 each and had a credit on two other notes for $84.75, making a total of | 1,084.75 |
| On June 11, 1897, check to Monte J. Goble for $3,017.53 of which plaintiff got in payment of note for $2,323.75 the sum of | 1,173.75 |
| And interest on note | 43.78 |
| Leaving a balance for which a new note was executed of $1,200.00 | |
| Total | $18,523.60 |
| From which subtract | 14,687.12 |
| | |
| Leaving a balance due Campbell from Mims of | $3,836.48" |

On final hearing the trial court dismissed the counterclaim of Campbell, and gave judgment in favor of Mims for $1,000, with interest from the date of its payment. On appeal to this court the judgment was affirmed. Campbell v. Mims, 149 Ky., 101. Campbell's position is this: After giving Mims credit for all sums owing by him to Mims, including the Fulkerson notes, he alleged certain balances amounting to $3,836.48 in excess of these credits, and asked judgment by way of counterclaim for that sum. In rejecting the counterclaim, the notes were necessarily in issue, and therefore the judgment in the Mims v. Campbell suit, referred to, precludes Mims

from recovering on the notes in this action. There is a wide difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the first instance, a judgment on the merits is conclusive, not only as to every matter which was offered to sustain or defeat the claim, but also as to any other matter which might have been offered for that purpose; while in the other instance, if the second action between the same parties is upon a different claim or a demand different in its nature, the judgment in the prior action operates as an estoppel only as to those matters which were in issue upon the determination of which the finding or verdict was rendered. Jones, &c. v. Commercial Bank of Kentucky, 78 Ky., 423. Here the second suit is upon a different cause of action. It was therefore incumbent upon Campbell to show that Mims was actually given credit for the notes in the former suit. Had the original suit of Mims against Campbell proceeded to a judgment on the theory of a partnership, and if, in such settlement, the accounts between the two had been considered by the court, and Mims ncessarily given credit for the notes sued on in this action, there might be some merit in defendant's contention. As a matter of fact, however, the question of partnership was entirely eliminated. Under the judgment of the court, Campbell took the partnership property. He alone was entitled to the profits; he alone was liable for its debts. Mims was denied all participation in the partnership property, and was permitted to recover only that portion of the purchase price which he had paid, together with interest. Though the question of a settlement of the partnership was entirely eliminated, Campbell attempted to settle the partnership accounts and recover on this basis. In doing this, he gave Mims credit for the notes in question, when Mims was not seeking credit, and when the notes which he claims were given for partnership property were no longer involved in the case. The question of partnership being eliminated, neither the trial court nor this court attempted to settle the partnership accounts or to pass any judgment thereon. The dismissal of the counterclaim under these circumstances did not result in giving Mims credit for the notes sued on, for the notes were not necessarily considered in determining whether

or not the counterclaim should be dismissed. It follows that the plea of estoppel is not available as a defense by defendant.

Judgment affirmed.