## Roberts v. Dotson, et al.

(Decided June 12, 1917.)

## Appeal from Floyd Circuit Court.

1. Vendor and Purchaser—Boundaries—Description.—Where a vendor sold a tract of land and by the omission of calls in the deed did not describe all of the land intended to be conveyed, and he afterward brought suit to collect the balance of the purchase price, in which suit he described the land as contained in his deed and obtained judgment to sell land covered by that description and at the sale he bought it under that description in full satisfaction of his debt, he cannot afterward assert claim to the part of the land alleged to be omitted from the description as against an innocent purchaser for value in the meantime.

2. Vendor and Purchaser—Liens—Innocent Purchaser.—When a vendor or lien holder obtains satisfaction of his debt by a sale of part of a tract of land, and which he purchased at the decretal sale, he has no claim to additional land to that which he conveyed and which he purchased at the decretal sale, although it may be a fact that when he sold the land and retained his lien he intended to describe and convey such additional land but failed to do so through mistake, as his interest in the land, be it all which he intended to convey or only a part of it which he actually conveyed, is exhausted when his debt is satisfied. In such case an innocent third party who purchases from his vendee the part of the land omitted by mistake from his deed and omitted in the judicial proceedings will retain the title as against any claim the vendor might have had against the vendee growing out of such mistake.

A. R. CRISLIP for appellant.

W. W. WILLIAMS for appellees.

Opinion of the Court by Judge Thomas—Reversing.

This suit grows out of a controversy over the ownership of an acre of land in Floyd county, Kentucky, and situated on the right hand side of Abbott creek, going up stream.

The appellees (plaintiffs) are the heirs at law of W. H. Dotson, deceased, and claim to have inherited the acre of land in controversy from him.

The appellant (defendant), Hester R. Roberts, claims title to the land in controversy under a deed executed to her on March 23, 1906, by K. F. Slone and L. J. Caudill and wife, and she also asserts title by adverse possession. She further pleads that W. H. Dotson when he first obtained the land, to which we shall hereafter refer, was a

champertous purchaser, and by that conveyance obtained no title.

A reply put in issue the defenses made by the answer, and furthermore pleaded that defendant was estopped by judgment of the Floyd circuit court to claim title to the land because, as is insisted, the Floyd circuit court in a prior suit had adjudged that she had no title, which plea is denied, and upon final hearing plaintiffs were granted the relief sought and adjudged to be the owners of the land, from which judgment defendant prosecutes this appeal.

Both parties claim title through the same remote vendor, and under a familiar rule neither of them was required to trace it from the Commonwealth. The plaintiffs' claim is rested upon two deeds, one executed by M. L. Hyden and wife to W. H. Dotson, on June 3, 1902, and the other executed by B. F. Friend, master commissioner of the Floyd circuit court, on March 13, 1912, in the suit therein pending of W. H. Dotson v. K. F. Slone, et al.

The Hyden deed described the land therein conveyed thus:

"Beginning on a forked willow on the right hand side of the creek; thence a straight line with Cynthiana A. Slone's line to the top of the ridge; thence with the top of the ridge to Irene Hill's line; thence with said Hill's line to the creek, and across the creek to the state road to opposite the beginning; thence across the creek to the beginning, including the boundary 50 acres, be the same more or less."

In the commissioner's deed the description is:

"Beginning on a double willow on the right hand side of Abbott creek, going up the same; thence a straight line to the top of the hill; thence with the top of the hill to the conditional line of the Slone farm, and Hill farm; thence with the line of the Hill farm to Abbott Creek; thence down the creek to the road; and with the road to opposite the beginning; thence across the creek to the beginning."

This latter description is the same as that in the petition in the case of Dotson v. Slone, and the same as is in the judgment rendered in that case. That suit was brought to recover a balance of purchase money which K. F. Slone agreed to pay Dotson for the land, and to enforce another lien note of $61.50 which Hyden had placed upon it, Dotson having sold the land to Slone on Decem-

ber 23, 1903, and in his deed described it the same as that given in the suit of Dotson v. Slone.

It will be observed that in the description of the land contained in the deed from W. H. Dotson to Slone, and in the suit of Dotson v. Slone no line crosses Abbott creek so as to include any land on the left of that creek going up stream, but in the deed from Hyden to Dotson the fourth and fifth calls are, "and across the creek to the state road to opposite the beginning; thence across the creek to the beginning;" but even in that deed there is no call running either up or down the road so as to include the land lying between the road and the creek, which included the acre in controversy.

Hyden obtained the land from Slone by deed dated August 15, 1891, in which one call of the description is, "thence across the creek to the road; and with the road to opposite the beginning; and across the creek to the beginning." These calls were left out of subsequent deeds, and it is now claimed and alleged in the petition that they were omitted from the deed executed by Hyden to Dotson, and from the one executed by him to Slone and from the commissioner's deed to Dotson through mistake, but it is insisted that it was intended in each of them to convey the entire tract of land as described in the deed from Slone to Hyden, and which include the acre in controversy.

In the sale under the judgment in the case of Dotson v. Slone the plaintiff therein became the purchaser of the land described both in the petition and in the judgment.

In the judgment only enough of the entire tract was ordered to be sold to realize plaintiff's debt and cost, which was satisfied by the land ordered to be sold, it being that lying on the right hand side of Abbott creek going up stream, and not including that claimed by the defendant and in controversy here. If it were omitted in the description in that suit, and for that reason was not sold, plaintiffs here could have no claim to it because they allege that it was intended to be sold to Slone under deed to W. H. Dotson, their ancestor, of date December 23, 1903.

When Dotson realized his debt by purchasing the land on the right hand side of Abbott creek his claim was satisfied, and if there was any part of the entire tract unsold it belonged to Slone, or if he had conveyed it to defendant, then to her. As we have seen, such conveyance was made by him on March 26, 1906.

It may be that in the descriptions of the land when conveyed, after the deed from Hyden to Dotson, there was a mistake made, but there was nothing of record to show it, nor is there any proof that defendant had actual notice of it when she purchased from Slone, and she can not therefore be affected by any mistake, if made. But, conceding that there was such mistake, still it was the intention of Dotson, as plaintiffs allege, to convey all of the land to Slone by his deed of December 23, 1903, and if only a part of it was sold to satisfy the debt of Dotson, Slone or his vendee continued to own the balance.

Stating it in another way, Dotson by his deed to Slone actually conveyed all of the land, including that claimed by defendant; or, if by mistake in the description he failed to do so, he intended to convey all of it, and in either event he parted with his title to all of it, subject to his lien, and when that was satisfied by a sale of part of it his demand was extinguished.

But it is insisted that defendant is estopped by the judgment in the case of Dotson v. Slone. That suit was filed before defendant purchased her land from Slone, and during its progress one Harris petitioned to be made a party-defendant, claiming another small portion of the land on the left of Abbott creek and lying contiguous to that of defendant, and he made his pleading a cross-petition against defendant and appellant here and she appeared and filed a pleading in which she made the same claim that she is making now, but before final judgment the pleading of Harris was dismissed, and in the final judgment in the cause no mention whatever is made of the claim of Mrs. Roberts, it appearing to have been treated as though it were dismissed with the pleading of Harris. There is no adjudication whatever upon her claim in the judgment rendered in that case.

Under these circumstances it cannot, under any phase of the doctrine of *res adjudicata*, be insisted that she is estopped by that judgment, or in any way affected by it. Moreover, that judgment did not purport to determine any fact affecting her land, as it is not included in the description of the land sought to be and ordered sold therein, and because of this it would appear, if we were to presume anything from the silence of the judgment on that point, that it was therein determined that her land was not in lien for any of the debts sought to be collected by that proceeding, and that it was for that reason not ordered to be included in the judgment of sale.

Furthermore, there was no claim made in that case by plaintiff's ancestor, Dotson, that any mistake existed in the description of the land which he was therein seeking to sell whereby land upon which he should have had a lien was omitted from the deed or papers creating the lien. It could have been so made, and the doctrine of *res adjudicata* applies not only to issues actually raised, but also to those which might have been made. Honaker v. Cecil, 84 Ky. 202; Francis v. Wood, 81 Ky. 16; Moran v. Vicroy, 25 Ky. Law Rep. 1305; Upton's Committee v. Handley, 123 S. W. (Ky.) 1188; Louisville Gas Co. v. Kentucky Heating Co., 142 Ky. 253; and Campbell v. Mims, 161 Ky. 530.

We are not altogether sure but that plaintiffs are estopped, as defendant pleads, to insist on such alleged mistake now in this case, but it not being necessary we will not base our opinion upon this defense. So that, looking at the matter from any standpoint, we are unable to find any merit in plaintiffs' contention.

Wherefore, the judgment is reversed with directions to dismiss the petition, and for proceedings consistent herewith.