## Woollums v. Fowler.

(Decided February 27, 1925.)

### Appeal from Marion Circuit Court.

1. Judgment—Money Paid Under Valid Judgment may Not be Recovered in Equity Without New Trial.—Money paid under valid judgment of competent court, though unjustly collected, may not in equity and without new trial be recovered; suit for such recovery being prohibited collateral attack on judgment.

2. Judgment—Judgment, Unless Void, Cannot be Collaterally Attacked, Except in Manner Directed by Code.—Judgment, unless void, cannot be collaterally attacked, except in manner directed by Code.

C. S. HILL and H. W. RIVES for appellant.

W. H. SPRAGENS and CHAS. C. BOLDRICK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In January, 1921, appellant bought of appellee 116 acres of land, at the agreed price of $12,842.50, one-half of which he paid in cash. For the remainder, he assumed payment of a mortgage on the land to the Union Central Life Insurance Company for $5,000.00, of date January 1st, 1920, and executed his two notes to appellee, one for $1,000.00, and the other for $1,271.29, to secure which a lien was retained in the deed.

Appellant failed to pay the notes at maturity, and appellee brought suit thereon. Appellant was duly summoned, but did not answer, and a judgment was entered against him for the amount of both notes, and the land ordered sold subject to the life insurance company's mortgage to satisfy same. At that sale, appellant became the purchaser, and for the purchase price executed to the commissioner, for the benefit of appellee, two bonds for $1,287.87 each. The first of these he paid at maturity, but having failed to pay the second one when it became due, appellee procured an execution thereon and placed same in the hands of the sheriff for collection. Thereupon appellant instituted this action against appellee and the sheriff to restrain them from enforcing payment of the execution, and to recover of the former $1,550.04, less the amount of the unpaid bond, upon the ground that when appellant executed to appellee his two notes aggregating $2,271.29, he did so upon the representation of appellee that the amount at that time due the Union Central Life Insurance Company was $4,149.96, when the correct amount thereof was in fact $5,700.00, resulting in his executing notes for the balance of the purchase price of the land for $1,550.04 more than he had agreed to pay therefor.

A demurrer was sustained to the petition and same dismissed, and plaintiff appeals.

As counsel admit this is not an action for a new trial and that the petition does not state a cause therefor under any Code provision, it is apparent the court was right in sustaining the demurrer, unless, as is the contention for appellant, he may in equity and without a new trial recover money unjustly collected from him, even though by a valid judgment of a competent court.

That this cannot be true under our Code, which provides for a new trial in every conceivable instance where, in justice and good conscience, a judgment ought to be

reviewed, seems too obvious for argument. But the contention may not thus easily be brushed aside, since, in support thereof, appellant cites two cases from this court expressly so holding, one of which was decided before and the other since the adoption of the Code.     West v. Kerby, 4 J. J. Mar. 56; Ellis v. Kelly, 8 Bush 621.

Neither of these cases, however, refers to or discusses the doctrine of *res judicata*. No authority whatever is cited in the first case to support its strange conclusion, and that case is the only support for the other, although it also cites as authority for its like holding Brunk v. Means, 11 B. Mon 214. This latter case, however, does not so hold, but is an action to vacate the former judgment, and while denying that relief because of laches, the court expressly states that the alleged fraud otherwise would have furnished ground for a bill of review.

Neither of the two cases relied upon has ever been cited or followed in any subsequent case, but both are wholly at variance with the otherwise uniform decisions of this court since the adoption of the Code, that a judgment unless void cannot be attacked collaterally, or except in the manner directed by the Code. A few of the many cases so holding are Brunk v. Means, *supra;* Baker v. Baker, 162 Ky. 683, 173 S. W. 109; Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797; Gardner v. Howard, 197 Ky. 615, 247 S. W. 933; Combs v. Deaton, 199 Ky. 477, 251 S. W. 638.

That this action, under those cases, is a collateral attack upon the former judgment is obvious.

As aptly said in Couchman v. Bush, 83 S. W. 1039, 26 Ky. L. R. 1277: ''If parties can collaterally attack a judgment which is rendered in an action where the court had jurisdiction of the subject matter of the action and of the parties, nothing can be certainly adjudicated. The rights of litigants cannot be fixed and determined by judgments.

In Talbott v. Todd, 5 Dana 193, a case much older that neither of those relied upon by appellant, this court said:

''It is undoubtedly true that the judgment or decree of a court of competent jurisdiction is not only final as to all matters determined by it, but is also in a general way, final as to every other matter incident to the cause which the parties might have

put in issue and had litigated. This rule is founded in reason and propriety. It imposes only the exercise of reasonable vigilance, tends to advance the ends of justice, to quiet the contentions of society, and to put an end to vexatious litigations.''

To cite the authorities in which this almost axiomatic proposition is stated would require much time and space, and we shall cite only the following: Kimbrough v. Harbett, 110 Ky. 94, 60 S. W. 836; Jefferson v. Western Nat. Bank, 144 Ky. 62, 138 S. W. 308; Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167; Campbell v. Mims, 161 Ky. 530, 170 S. W. 1176; Stone v. Winn, 165 Ky. 9, 176 S. W. 933; C., N. O. & T. P. Ry. Co. v. McGuire, 169 Ky. 711, 185 S. W. 93; Roberts v. Dotson, 176 Ky. 278, 195 S. W. 493; Newman's Pleading and Practice, section 508c.

The petition and exhibits make it clear that the alleged fraud in the execution of the notes merged in the former judgment would have been a valid defense in that action; that any kind of diligence upon appellant's part would have resulted in the assertion of that defense therein, and that the court then had jurisdiction of the subject matter and the parties.

It results the court did not err in sustaining the demurrer to the petition herein, or in dismissing same upon appellant's refusal to plead further; and that West v. Kerby and Ellis v. Kelly, *supra*, must be and they are overruled.

Judgment affirmed.