## Quinn-Marshall Company v. Hurley.

(Decided May 19, 1925.)

### Appeal from Pike Circuit Court.

1. Process—Testimony of Party that She had Not Been Summoned Insufficient to Overcome Sheriff's Return.—In view of Kentucky Statutes, section 3760, deposition of party stating that summons had not been served on her held not sufficient to overcome

sheriff's return, especially where sheriff testified that he did whatever his return showed, and there was no proof of mistake on his part.

2. Judgment—Default Judgment May Not be Attacked on Ground that Judgment Debtor Not Member of Firm, as Alleged.—Party who was joined as codefendant as being a member of debtor firm, but allowed default judgment to be entered against her, could not attack judgment, in suit to set it aside, on ground that she was not member of firm, as that was defense to former action and concluded by judgment.

JAMES PHELPS and WILLIS STATON for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

In the summer of 1921, E. C. Hurley & Company, a firm doing business at McAndres, Kentucky, bought goods of Quinn-Marshall Company amounting to $235.00. The account was not paid and on April 22, 1922, Quinn-Marshall Company brought suit on the account in the Pike circuit court against E. C. Hurley and Josie Hurley, alleging that they were partners doing business under the firm name of E. C. Hurley & Company. A summons was duly issued in the usual form, which went to the hands of the sheriff of the county and was returned by him as follows:

"Executed the within summons by delivering a true copy thereof to E. C. Hurley, this April 28, 1922. J. M. Johnson, sheriff, P. C., by Mitch Blackburn, D. S.

"Executed by delivering a true copy to Josie Hurley, this May 22, 1922. J. M. Johnson, sheriff, Pike county, by Mitch Blackburn, D. S."

No answer was filed to the petition and judgment by default was rendered against the defendants for the debt and cost at the September term of the court. Execution was issued on the judgment, which was levied by the sheriff upon a tract of land belonging to Josie Hurley. Thereupon on February 19, 1923, she brought suit against the Quinn-Marshall Company and the sheriff, alleging that the judgment was taken against her by default without her making any appearance and without any summons having been served upon her in the suit, and that she was not a member of the firm of E. C. Hurley &

Company. On her motion an injunction was granted restraining the sheriff from selling the property under the execution until the further order of the court. Answer was filed denying the allegations of the petition, proof was taken and on final hearing the circuit court delivered the following opinion:

"It looks like judgment should be set aside as to plaintiff and sheriff enjoined from selling her property. While she seems to have been summoned the proof shows she was not a member of the partnership."

Pursuant to the opinion judgment was entered setting aside the former judgment and enjoining the sale of the land. The defendant appeals.

Section 3760, Kentucky Statutes, is in these words:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

This section has often been before this court in cases where the parties denied signing or acknowledging a deed properly certified by the officer taking the acknowledgment and it has been uniformly held that the testimony of the party is not sufficient to overthrow the certificate of the officer without proof showing mistake of the officer or fraud in the party benefited. Young v. Millward, 109 Ky. 123; Byers v. First State Bank, 159 Ky. 135. The same rule has been followed as to the return of an officer on a summons. Ramey v. Francis, &c., 169 Ky. 469, and cases cited.

There is in the record neither allegation nor proof of mistake in the officer or fraud in the party benefited. The only proof is the deposition of Josie Hurley, stating that the summons was not served on her, and the deposition of the sheriff stating in effect that he does not remember the circumstances but that he did whatever his return shows. If a judgment could be set aside on such proof the wise purpose of the statute would be entirely defeated and there would be no certainty in judicial proceedings. There is no proof that the officer did not per-

sonally know Josie Hurley or that she was out of the county or of any like facts, and there is proof that process was served upon her in two other suits to recover debts against E. C. Hurley & Company, and judgment went against her by default in these cases also, and she did not complain.

The circuit court properly held under the evidence that she was served with process in the original action, but it erred in holding that she could show in this case that she was not a member of the firm of E. C. Hurley & Company, although judgment had been entered against her as such by default in the first action. If she was not a member of E. C. Hurley & Company no cause of action existed against her. This was the defense she should have made in that action. A litigant is entitled to his day in court but he is only entitled to one day. He cannot be silent when he is sued and make no defense and then when the judgment is sought to be enforced against him set up a defense which he should have made in the first action. That judgment is conclusive upon the parties as to all matters which were litigated or should have been litigated in that case. Roberts v. Dotson, 176 Ky. 278.

Judgment reversed and cause remanded with directions to dissolve the injunction and to dismiss the petition.