Fred JONES, Appellant,

v.

The MOUNT STERLING NATIONAL BANK, Appellee.

Court of Appeals of Kentucky.

Feb. 8, 1985.

David E. Melcher, Swinford & Sims, Cynthiana, for appellant.

John C. Fogle, Bryan & Fogle, Mount Sterling, for appellee.

Before COMBS, MILLER and WHITE, JJ.

WHITE, Judge.

The appellant seeks review of an order of the Nicholas Circuit Court sustaining the appellee's motion to amend the return of service of process. In examining the record below, we have concluded the circuit court did not abuse its discretion in granting the motion. Accordingly, we affirm the judgment of the Nicholas Circuit Court.

This action (No. 79–CI–009) was commenced in January, 1979 when the appellee, Mount Sterling National Bank, instituted an action in Nicholas Circuit Court against the appellant, Fred Jones, to collect a sum owing on a note and security agreement. Summons on the complaint was issued by the clerk of that court on January 30, 1979, and given to Deputy Sheriff Ralph Brookshire for service on the appellant. This was not actually accomplished until several days later, however, as the "Proof of Service" portion of the summons subsequently executed by Brookshire was dated February 12, 1979. More importantly, while complete in all other respects, the "Proof of Service" contained no identification of the specific person upon whom summons was actually served. No timely response to the complaint was filed with the circuit court and, as a result, a default judgment was granted in favor of the appellee on April 9, 1979. The appellee then sought execution of the default judgment against the appellant's personal property, but, when these efforts proved unsuccessful, contented itself with becoming a judgment lien creditor on the appellant's real property.

The appellee made no further attempts to enforce its outstanding judgment against the appellant until late 1983 when a third party in a separate proceeding sought foreclosure on the same realty against which the appellee had asserted its judgment lien. At that time the appellant contested the validity of the appellee's interest in his property by maintaining that he had never been served with process in the original action (No. 79–CI–009) against him. To substantiate this claim, he pointed to Deputy Brookshire's failure to specifically identify him as the person served in the "Proof of Service" portion of the summons. The appellee responded by moving in the context of its initial action against the appellant (No. 79–CI–009) for an amendment of Deputy Brookshire's return of service to correct this deficiency. Upon considering memoranda of law and affidavits submitted by the parties as well as the testimony of both the appellant and Brookshire at a hearing held on December 9, 1983, the Nicholas Circuit Court granted the appellee's motion and ordered that the return of service be amended so as to designate the appellant as the person upon whom process

was actually served. The appellant now seeks review of that order by this Court.

■■■ Motions to amend the return of service of process are governed by CR 4.16, which states:

> The court *in its sound discretion* and on such terms as it deems just may *at any time* allow any summons or other process or *proof of service thereof* to be amended, unless it *clearly* appears that the substantial rights of the party against whom it was issued would thereby be prejudiced. (Emphasis added).

Clearly then, by the very language of CR 4.16, the question of whether a motion to amend a return of service of process is proper is one in which wide latitude must be given to the decision-making abilities of the trial court. This view that a court is vested with broad powers to remedy deficiencies in the return of service of process is universally accepted by the numerous authorities on the subject. *See, e.g.,* 6 W. Bertelsman and K. Philipps, *Kentucky Practice,* CR 4.16, Comments (4th ed. 1984); 62 Am.Jur.2d *Process* §§ 172–173 (1972); 72 C.J.S. *Process* § 114 (1951). As a result, we are bound by the trial court's decision to grant the amendment of the return of service of process unless we can conclude that such an action was an abuse of discretion and clearly erroneous.

■■■ This we cannot do. While our review of the testimony and other submissions concerning the motion to amend the return of service of process might lead us to an opposite conclusion, we still will not disturb the judgment of the trial court as the record contains ample evidence to justify its decision. In this regard, we would also note the unique ability of the trial court to view and question Deputy Sheriff Brookshire and the appellant during the hearing of December 9, 1983, and to gauge the credibility of their testimony. After listening to their in-court statements, the trial court chose to reject the appellant's statements that he had not been served with process and accept instead those of Deputy Brookshire that he had indeed served process upon the appellant. Such a decision was well within the province of the trial court even though Brookshire was understandably unable to recall the specific circumstances of that event. *Quinn-Marshall Co. v. Hurley,* 209 Ky. 154, 272 S.W. 402 (1925). Consequently, we can find no abuse of discretion by the trial court and therefore affirm the judgment of the Nicholas Circuit Court.

All concur.